IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-00874-CMA-MJW

GREG MENO,

    Plaintiff,

v.

FEDEX CORPORATE SERVICES, INC., a Delaware corporation,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION
TO AMEND AND SUPPLEMENT PLEADINGS**

---

This matter is before the Court on Plaintiff Greg Meno's Motion to Amend and Supplement Pleadings, filed on July 23, 2012. (Doc. # 47.) In this motion, Plaintiff seeks to amend his Complaint[1] (Doc. # 1) by adding a third claim for relief, "Retaliation," against Defendant FedEx Corporate Services, Inc. (Doc. # 47.) Defendant filed a Response on July, 24, 2012, opposing the amendment. (Doc. # 49.) For the reasons outlined in this order, the Court grants Plaintiff's Motion.

**I. BACKGROUND**

Plaintiff filed his Complaint in this matter on March 11, 2011,[2] alleging that Defendant discriminated against him on the basis of national origin in violation of Title

---

[1] Although Plaintiff has requested leave to amend his Complaint, the final pretrial order "supersedes the pleadings and controls the subsequent course of litigation." *Hullman v. Bd. of Trustees at Pratt Cmty. Coll.*, 950 F.2d 665, 667 (10th Cir. 1991). Therefore, the Court will construe Plaintiff's motion as a request for leave to amend the Final Pretrial Order (Doc. # 38).

[2] Plaintiff's Complaint was filed in State Court, and the case was removed to this Court on April 4, 2011. (Doc. # 1)

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Doc. # 1-1.) Plaintiff also asserted State-law claims for Breach of Implied Contract or Promissory Estoppel for his allegedly wrongful discharge. (*Id.*)

On July 18, 2012, this Court granted, in pertinent part, a *motion in limine* filed by Defendant (Doc. # 43), concluding that Plaintiff had failed to assert a separate claim for retaliation in his Complaint. (Doc. # 46.) On July 23, 2012, Plaintiff moved the Court for leave to amend his Complaint to assert a "separate and distinct claim of retaliation under 42 U.S.C. § 1981 and § 2000e-3(a)."[3] (Doc. # 47 at 2.)

## II. DISCUSSION

A final pretrial order may be modified "only to prevent manifest injustice." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (quoting Fed. R. Civ. P. 16(e)). Thus, "[t]he party moving to amend the order bears the burden to prove the manifest injustice that would otherwise occur." *Id.* When determining whether to allow a party to amend a final pretrial order, a district court considers the following factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *Id.* at 1210 (quoting *Koch v. Koch Indus.,*

---

[3] In reviewing Plaintiff's proposed Amended Complaint (Doc. # 47-1), the Court is skeptical of Plaintiff's ability to prove a retaliation claim. A plaintiff pursuing a claim for retaliation must prove that he was "engaged in protected opposition to Title VII discrimination." *Fry v. Okla. Corp. Com'n,* 516 F.3d 1217, 1227 (10th Cir. 2008). Given the facts set forth in the proposed Amended Complaint, it appears that Plaintiff was not "engaged in protected opposition to Title VII discrimination." (*See* Doc. # 47-1, ¶ 30.) However, the Court is allowing Plaintiff to pursue the retaliation claim because the facts alleged in the proposed Amended Complaint may give rise to a "mixed-motive theory of retaliation." *Fry*, 516 F.3d at 1226.

2

*Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000)). However, when considering these factors, the primary concern "must be to assure 'the full and fair litigation of claims.'" *Canales v. Principi*, 220 F.R.D. 627, 628 (D. Colo. Mar. 31, 2004) (quoting *Joseph Manf'g Co., Inc. v. Olympic Fire Corp.,* 986 F.2d 416, 420 (10th Cir.1993)). Amending the final pretrial order "should be allowed 'when the danger of surprise is small and a failure to amend might result in an injustice to the moving party.'" *Id.* (quoting *Bridge Publications, Inc. v. F.A.C.T.Net, Inc.,* 183 F.R.D. 254, 258–59 (D. Colo. 1998)). The Court has balanced the competing interests of Plaintiff and Defendant and has concluded that the danger of surprise to Defendant is small, while denying Plaintiff's request to amend would result in a significant injustice to him.

First, granting Plaintiff's request to amend the pretrial order would not result in prejudice or surprise to Defendant. *See, e.g., Davey*, 301 F.3d at 1210-11 (holding that the defendant would not be surprised or prejudiced by allowing the plaintiff to amend the pretrial order even though the request was filed three days before trial was to begin). Plaintiff's claim for retaliation is based on facts and evidence that Defendant has been aware of for many months. *See, e.g., Grey v. Bradford-White, Corp.*, 581 F. Supp. 725, 728 (D. Kan. Mar. 22, 1984) (finding that granting the plaintiff's motion to amend the pretrial order would not prejudice the defendant because the claims were "essentially analogous" to ones already raised and plaintiff did not assert any new factual allegations). Second, this motion was made prior to the trial; therefore, Defendant has the ability to cure any prejudice by moving to continue the trial. *See Davey* 301 F.3d at

1211. Third, an amendment to the final pretrial order would not "disrupt the orderly and efficient trial of the case or other cases in court," because the motion to amend was "made prior to trial, [therefore] no disruption of an ongoing trial is threatened." *Id.* at 1212 (internal quotations and citations omitted). Lastly, Plaintiff did not act in bad faith simply because he failed to assert a claim for retaliation earlier in the litigation process. Indeed, his motion came on the heels of the Court's *in limine* ruling. Moreover, even if the Court were to conclude that Plaintiff's failure to assert this claim earlier in the litigation process did amount to bad faith, the fact that the first three factors weigh heavily in favor of allowing Plaintiff to amend the pretrial order would outweigh any such bad faith. *See id.* (holding that while the untimeliness of the motion to amend weighs in favor of denying the motion, the motion should be granted because the other factors weigh in the moving party's favor).

### III. CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion to Amend and Supplement Pleadings (Doc. # 47) is GRANTED.

It is FURTHER ORDERED that Plaintiff's proposed Amended Complaint (Doc. # 47-1) is ACCEPTED AS FILED and the Final Pretrial Order is amended accordingly.

It is FURTHER ORDERED that this Court's ruling on Defendant's Motion in Limine (Doc. # 46) is VACATED IN PART to the extent it relied on Plaintiff not having brought a retaliation claim.

It is FURTHER ORDERED that Defendant has until 12:00 p.m. MST on Thursday, July 26, 2012, to move to continue the trial set for Monday, July 30, 2012, in order to conduct limited discovery on the retaliation claim.

DATED: July __25__, 2012

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge